IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-025 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DISMISS
# OR, IN THE ALTERNATIVE, DENY
# PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner JAICOURRIE FINLEY has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding conducted at the Texas Department of Criminal Justice Clements Unit in Potter County, Texas. As of the date petitioner filed this petition, he was at the Clements Unit pursuant to a conviction out of Harris County, Texas, for theft and the resulting sixteen-year sentence. The undersigned United States Magistrate Judge is of the opinion the petition for federal habeas corpus relief should be DISMISSED as successive or, in the alternative, DENIED.

I.
BACKGROUND

On January 15, 2010, petitioner was found guilty of failing to obey a corrections officer's order that petitioner hand the officer a food tray out of his cell at the conclusion of mealtime.

(Hearing Rcd's, Discip. Case No. 20100116641 [hereinafter DHR], pg. 1). Punishment was assessed at revocation of 280 days of good-time credits, remain at a Line 3 classification, fifteen days of recreation restriction, and forty-five days of commissary and property restrictions. (*Id.*).

The same day he was found guilty, petitioner filed his Step 1 Grievance. (Discip. Grievance Rcd's, Grievance Case No. 2010082194 [hereinafter DGR], pgs. 1-2). The disciplinary action was reviewed, and, on January 21, 2010, was affirmed. (*Id.* at 2). On January 28, 2010, petitioner filed his Step 2 Grievance. (*Id.* at 3-4). On February 11, 2010, the case was again reviewed and affirmed. (*Id.* at 4). The instant federal habeas corpus petition followed.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated during his disciplinary hearing for the following reasons:

1. The Disciplinary Hearing Officer (DHO) denied petitioner's request for exculpatory evidence in the form of video surveillance of petitioner's cell.

2. The DHO denied petitioner's request for exculpatory documentary evidence in the form of logs of the corrections officers in his pod on the day of the incident.

3. The DHO refused to allow petitioner to (i) call favorable witnesses and (ii) cross-examine witnesses.

4. There was insufficient evidence to sustain the determination of guilt.

In his answer, respondent avers the Court should dismiss the petition because it is successive and because the claims in the petition are not exhausted. Alternatively, respondent argues the claims are meritless. Petitioner did not file a response to respondent's answer.

III.
THE PETITION IS SUCCESSIVE

As an initial matter, respondent contends the petition is successive. Petitioner is no stranger to litigation and in April 2010, petitioner filed cause number 2:10-CV-078 in this Court. In that petition, petitioner challenged four different disciplinary proceedings, two of which occurred in April 2009 and two of which occurred in September 2009. *See Finley v. Thaler*, 2:10-CV-078, Original Habeas Corpus Petition, doc. 1. In June 2010, petitioner filed another habeas corpus petition challenging three additional disciplinary proceedings, all of which occurred in July 2009. *See Finley v. Thaler*, 2:10-CV-150, Original Habeas Corpus Petition, doc. 1.[1] Respondent contends that because the instant petition is based upon a disciplinary proceeding that occurred on January 12, 2010 (several months before petitioner filed his habeas corpus petition in April 2010), petitioner should have included his challenge to the instant disciplinary proceedings in his first petition.[2] Respondent reasons that petitioner's failure to present the instant challenge in his first petition, when he knew of the arguments presented in the instant petition, renders this petition successive.

Under provisions of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), a petitioner is not allowed to file a "second or successive application" for habeas corpus relief without first obtaining an order from the appropriate court of appeals "authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This statue constitutes a bar to a district court's jurisdiction to consider a successive habeas petition without authorization from the circuit

---

[1] In May, June, and July of 2010, petitioner also filed a number of habeas corpus petitions challenging disciplinary actions which *did not exist* or for which he did not lose good-time credits.

[2] Respondent also asserted this contention in cause 2:10-CV-150. To the extent the Court did not accept the assertion at the time, the Court has since performed additional research and found cases and analysis that were neither cited nor advanced by respondent in 2:10-CV-150. The Court is now of the opinion the instant petition is successive.

court. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Although the statute does not define what constitutes a "second or successive" application, the Fifth Circuit has held "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A person's conviction of a state criminal law infraction is the source of petitioner's incarceration. The conviction is the judgment keeping the prisoner confined. *Propes v. Quarterman*, 573 F.3d 225, 230 (5th Cir. 2009). "Included within the results of that judgment are disciplinary proceedings that occur while [the prisoner] is subject to the conviction." *Id.* Thus, disciplinary proceedings occurring during the course of confinement are not "separate judgment[s]," but are rather "challenge[s] to the administration of the sentence for the underlying conviction." *Id.* (citing *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991)). Based upon this line of reasoning, the Fifth Circuit has held,

> A petitioner is to bring claims against a judgment and claims that arise from disciplinary matters that occur during incarceration under that judgment in the same proceeding . . . A challenge to disciplinary actions taken against an inmate while serving under a judgment of conviction, and a challenge to the conviction itself, are different grounds of relief on the same judgment. Those have to be brought together.

*Id.* Stated another way, "[t]he law requires federal habeas petitioners to assert in their first habeas application *all claims* known of, all claims that should have been known of, and all claims that had been known of." *McGary v. Scott*, 27 F.3d 181, 185 (5th Cir.1994).

This rule is applicable to a variety of cases. In one group of cases, the prisoner files his first habeas corpus petition challenging a disciplinary proceeding and his second petition challenging his state court conviction. Even if the petitioner was waiting for the state court to rule on his state habeas corpus application at the time he filed his first federal habeas corpus petition (and thus the

claims to be later presented in the second federal habeas petition were not yet exhausted), the second federal habeas petition is considered successive. *See id.*; *Reed v. Quarterman*, No. 07-10045, 2007 WL 2436206, at *1 (5th Cir. Aug. 20, 2007); *In re Jimenez*, No. 05-11421, 2006 WL 3821531 (5th Cir. Dec. 22, 2006); *Williams v. Thaler*, No. H-10-0125, 2010 WL 1956279 (S.D. Tex. May 14, 2010); *Taylor v. Quarterman*, No. EP-08-CA-337-PRM, 2008 WL 5683433 (W.D. Tex. Dec. 17, 2008); *Morgan v. Director, TDCJ-CID*, No. 9:05-CV-041, 2006 WL 120026 (E.D. Tex. Jan. 13, 2006); *Dingler v. Dretke*, No. 3:03-CV-2094, 2004 WL 515550 (N.D. Tex. Mar. 10, 2004).

In another group of cases, the prisoner files his first federal habeas corpus petition challenging his conviction, and in his second federal petition challenges a prison disciplinary proceeding that occurred before he filed his first petition. In such cases, the second petition is again considered successive. *See Koumjian v. Director, TDCJ-CID*, No. 1:08-CV-373, 2009 WL 2757198 (E.D. Tex. Aug. 25, 2009); *Canida v. Quarterman*, No. C-06-328, 2006 WL 3488947 (S.D. Tex. Dec. 4, 2006).

Finally, there is the group of cases where a petitioner challenges two or more prison disciplinary proceedings in separate habeas corpus petitions. As in all of the other scenarios, if the case challenged in the second petition occurred before the first petition was filed, the second petition is considered successive. *See Spaulding v. Director, TDCJ-CID*, No. 5:11-CV-121, 2011 WL 3957518 (E.D. Tex. Aug. 10, 2011); *Boone v. Quarterman*, No. H-07-CV-2610, 2008 WL 4065878 (S.D. Tex. Aug. 27, 2008); *Reese v. Director, TDCJ-CID*, No. 6:07-CV-152, 2007 WL 3118348 (E.D. Tex. Dec. 22, 2007). Other similar circumstances have yielded the same result — if a petitioner knew of a potential federal habeas corpus cause of action at the time he filed his first petition, any additional petitions are successive. *Crone v. Cockrell*, 324 F.3d 833 (5th Cir. 2003)

(holding a second federal habeas corpus petition challenging a computation of time credits was successive to a first petition challenging the conviction itself); *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (holding a habeas petition challenging petitioner's conviction for the first time was rendered successive by an earlier habeas challenge seeking to file an out-of-time direct appeal). Likewise, the Fifth Circuit has held a habeas corpus challenge to a disciplinary proceeding that did not become final until *after* the first habeas corpus petition was filed was *not* successive. *In re Cain*, 137 F.3d at 235-36). *Cain*, of course, "turned on the fact that the petitioner was stripped of his good-time credits after he had filed his earlier petition." *Crone*, 324 F.3d at 837. Thus, caselaw instructs that the determining factor in the "successive" analysis is timing: if the defect challenged in the second petition arose before the first petition was filed, the second petition is successive; if the defect challenged in the second petition did not arise until after the first petition was filed, the second petition is not successive. *See id.*; *Leal Garcia v. Quarterman*, 573 F.3d 214, 224 (5th Cir. 2009).

The disciplinary proceeding petitioner Finley challenges in the instant case occurred in January 2010. It was exhausted by March 2010, when the Step 2 Grievance was denied. Petitioner filed his first habeas corpus petition in this Court in April 2010. Petitioner's many different prison disciplinary actions were not each separate judgements, but were, rather, for purposes of the AEDPA, all challenges to the administration of petitioner's sentence for his theft conviction. *See Propes*, 573 F.3d at 230. Consequently, petitioner should have presented all known claims arising from all his disciplinary matters in the same, his first, habeas corpus petition. *See id.*; *McGary*, 27 F.3d at 185. Because he did not do so, this petition is successive. *See Propes*, 573 F.3d at 230; *McGary*, 27 F.3d at 185. The Court therefore lacks jurisdiction to consider this petition without

authorization from the Fifth Circuit. *See Key*, 205 F.3d at 774.

## IV.
## THE PETITION IS MERITLESS

Even if the Court were able to consider the petition, it is meritless. The Supreme Court has outlined the basic safeguards a custodian must take in all prison disciplinary proceedings to ensure such proceedings do not violate a prisoner's constitutional rights. *Wolff v. McDonnel*, 418 U.S. 539, 570, 94 S.Ct. 2963, 2981, 41 L.Ed.2d 935 (1974). Under *Wolff*, a prison must give a prisoner (1) adequate twenty-four hour advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence if a witness cannot be called. *Id.* at 563-65, 94 S.Ct. at 2978-80. Regarding the evidence supporting the determination, "[t]he requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985) (emphasis added).

### A. Surveillance Footage of Petitioner's Cell

In his first ground, petitioner contends the DHO improperly denied his request for exculpatory evidence in the form of video surveillance of petitioner's cell. Petitioner did not raise this issue in either his Step 1 or his Step 2 Grievance (*see* DGR at 1-4), and any attempt to now exhaust these claims through the prison grievance system would be untimely. Consequently, this claim is procedurally defaulted for petitioner's failure to exhaust it at the administrative level. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004) (holding a prisoner must present his claims during the prison grievance process to satisfy the exhaustion requirement).

Even if the claim were not procedurally barred, petitioner has failed to show any error. The

right to gather and present documentary evidence is a limited right and the presentation of such evidence is within the discretion of prison officials. *Baxter v. Palmigiano*, 425 U.S. 308, 322, 96 S.Ct. 1551, 1560, 47 L.Ed.2d 810 (1976). When a petitioner challenges a DHO's refusal to allow evidence at the disciplinary hearing, the burden is on the petitioner to demonstrate the exclusion of such evidence "'had substantial and injurious effect or influence in determining' the proceeding's outcome." *Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir.1999) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 1714, 123 L.Ed.2d 353 (1993)).

In this case, petitioner requested video surveillance footage of his cell he presumes was recorded the day of the incident. At the hearing, the DHO denied the request. The denial was based upon the written statements of two officers, admitted into evidence at the hearing, both of which indicated the camera petitioner thought was focused on his cell was in fact used to scan the entire pod. (DHR at 7). The camera operators stated they could focus the camera on only one cell, if they were directed to do so, but they received no such instruction on that day. (*Id.* at 7, 8). In sum, both of the officers' statements indicated the video footage petitioner sought did not exist. Petitioner has failed to demonstrate the existence of exculpatory evidence in the form of video footage of his cell on the day in question and has accordingly failed to show how the DHO's denial of petitioner's request for the alleged footage was erroneous or injurious. *See Baxter*, 425 U.S. at 322, 96 S.Ct. at 1560; *Williams*, 171 F.3d at 307.

### B. *Logs of Corrections Officers on the Pod on the Day in Question*

In his second ground, petitioner avers the DHO improperly denied his request for exculpatory evidence in the form of logs of the corrections officers who were on his pod on the day in question. Petitioner contends the logs would have shown the officer accusing petitioner of failing

to obey his orders was in fact not on petitioner's pod at the time the trays were picked up.

This argument, like petitioner's first argument, was not presented in either petitioner's Step 1 or Step 2 Grievance. (*See* DGR at 1-4). Therefore, it is unexhausted and procedurally barred. *See Johnson*, 385 F.3d at 515. Moreover, the argument is meritless. At the hearing, petitioner requested copies of the logs indicating who handed out the food on the day in question and the time when the food was distributed. The DHO, apparently reviewing the logs himself at the hearing, told petitioner that such information is not generally logged and, in fact, was not recorded in the requested logs on the day in question. (Discip. Hearing Audio, Discip. Case No. 20100116641 [hereinafter DHA], track 2 at 7:32). The DHO stated at the hearing that the only information recorded in the log is when a corrections officer comes onto and leaves from the pod. The DHO informed petitioner "Sergeant Borunda [the accusing officer] shows to be there" and "[Sergeant Borunda's] signatures are on there that he did his security checks at the time he was supposed to." (*Id.* at 8:30). The record indicates that, while petitioner apparently was not personally allowed to review the log forms he requested, the DHO allowed them as evidence. The DHO reviewed the log forms and stated on the record they were not exculpatory. Petitioner has failed to show any error. Moreover, petitioner has not presented anything demonstrating that even if the logs did show what he alleged that it would have overcome the evidence of his guilt. *See Williams*, 171 F.3d at 307.

*C. Witnesses*

In his third ground, petitioner contends (i) he was denied the right to call witnesses, specifically a Captain Phillips and Major Clark, and (ii) he was not allowed to cross-examine his accuser. The right to call witnesses for a prison disciplinary hearing is a "limited right." *Thomas v. Estelle*, 603 F.2d 488, 490 (5th Cir.1979). In discussing the requirements of due process in the

context of such hearings, the Supreme Court has stated, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566, 94 S.Ct. at 2979. The Court recognized, however, the right to call witnesses in the setting of a prison disciplinary proceeding "is necessarily circumscribed by the penological need to provide swift discipline in individual cases." *Ponte v. Real*, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985).

Petitioner's counsel substitute completed a Service Investigation Worksheet approximately six days before the disciplinary hearing began. The worksheet reflects petitioner requested only one witness, an Officer Lewis. (DHR at 4). In an I-60 form filed two days after notice of the violation was served, petitioner additionally requested officers from the Control Center, where the surveillance camera feeds are monitored. (DHA, track 1 at 5:20 - 6:30). At the January 5, 2010, hearing, the statements of Officer Lewis and two officers from the Control Center, none of which were favorable for petitioner, were read into the record. After that, petitioner indicated there were other witnesses he wanted to call (*Id.* at 9:18), to wit: Dr. Patel, Nurse Waltz, several inmates confined in the cells surrounding his cell, and an Officer Guerrero. The DHO stipulated to the favorable statements petitioner contended the surrounding inmates would give. He then asked petitioner if there were any more witnesses petitioner requested. (*Id.* at 16:00). Petitioner reiterated that he wished to call Nurse Waltz but did not list any additional witnesses. The DHO then unsuccessfully attempted to contact Dr. Patel and Nurse Waltz. Due to his inability to contact these additional requested witnesses at the time of the hearing, the DHO continued the hearing to allow petitioner's counsel substitute to obtain statements from those witnesses. Counsel obtained written

statements from Dr. Patel, Nurse Waltz, and Officer Guerrero, all of which were not favorable. (DHR at 6, 10, 11).

On January 12, 2010, after the additional witness statements were obtained, the hearing continued. At that hearing, the DHO read Dr. Patel's and Nurse Waltz's statements into the record. At that point, petitioner asked about the other witnesses he had requested — a Captain Phillips and Major Clark. The DHO (along with petitioner's own counsel substitute) pointed out that petitioner had never, up until that point, listed either person as a witnesses. The DHO noted petitioner did not list Phillips or Clark on his completed form listing witnesses he wanted to call and likewise failed to add them to his list at the January 5, 2010, hearing (as he had done with Patel, Waltz, Guerrero, and fellow inmates). The DHO then asked petitioner what testimony he anticipated eliciting from Phillips and Clark. Petitioner responded that Clark was in the control room (where the surveillance camera feeds were displayed) and Phillips was present at the time of the incident. The DHO denied petitioner's request, as he had not previously made it and had failed to show how their testimony would be beneficial.

It is clear the DHO allowed petitioner to call witnesses. *See Wolff*, 418 U.S. at 570, 94 S.Ct. at 2981. After the hearing had already been continued for one week to gather additional witness statements, petitioner again, and for the first time, requested more witnesses. The DHO was within his discretion to refuse to call additional witnesses based upon petitioner's failure to request them at an earlier time. *See Ponte*, 471 U.S. at 495, 105 S.Ct. at 2195. Petitioner has failed to show error of constitutional magnitude. *See Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding there was no error when witnesses were not called at a prison disciplinary proceeding due to the prisoner's failure to properly request them).

Regarding petitioner's claim that he was not allowed to cross-examine his accuser, his argument is both factually incorrect (as he presented several questions to the accusing officer which were asked at the hearing) and is not cognizable in habeas corpus. *See Broussard v. Johnson*, 253 F.3d 874, 876 (5th Cir. 2001); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (holding confrontation and cross-examination of witnesses is not constitutionally mandated in prison disciplinary proceedings).

### D. Sufficiency of the Evidence

In his final ground, petitioner contends there was insufficient evidence to sustain the determination of guilt. As with grounds one and two, this ground of error was never presented in either petitioner's Step 1 or Step 2 grievance. (*See* DGR at 1-4). It is therefore unexhausted and procedurally barred in these proceedings. *See Johnson*, 385 F.3d at 515.

Further, any argument that insufficient evidence supports a finding of guilt following a prison disciplinary proceeding amounts to a due process challenge. *See Morgan v. Dretke*, 433 F.3d 455, 457 (5th Cir. 2005). As indicated above, even though a prisoner is not afforded "the full panoply" of rights enjoyed by defendants in criminal prosecutions, prison disciplinary proceedings must comply with minimum due process requirements. *Wolff*, 418 U.S. at 556, 94 S.Ct. at 2975. "[D]ue process does require, at a minimum, that there be 'some evidence' in the record to support the disciplinary decision." *Broussard*, 253 F.3d at 876 (citing *Hill*, 472 U.S. 445, 105 S.Ct. 2768,). Stated differently, "[p]rison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Id.* at 877.

There was ample evidence in the record to meet the evidentiary requirements of due process. The accusing officer, Sergeant Borunda, completed a written Offense Report detailing petitioner's

failure to obey the Sergeant's order. (DHR at 14). Sergeant Borunda's report was directly and unequivocally supported by the written statements of Officer Guerrero (*Id.* at 6) and Officer Lewis (*Id.* at 9). At the hearing, Sergeant Borunda affirmed the accuracy of his written statement.[3] The evidence in contradiction to Sergeant Borunda's report and testimony was from petitioner, who denied the allegation, and the statements of his fellow inmates, which were stipulated as being in support of petitioner.

Sergeant Borunda's written statement alone satisfies the "some evidence" standard. *See Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001). The additional support afforded by the other officers' written statements only strengthens the sufficiency of evidence supporting the DHO's finding of guilt. The fact there was evidence contradicting the accusing officer's report is of no consequence. It is within the DHO's discretion alone to credit and discredit evidence. *See id.* at 537. Some evidence supported the DHO's determination of guilt. *See Broussard*, 253 F.3d at 876-77. This ground of error is without merit.

In sum, petitioner was given adequate, twenty-four hour advance written notice of the charge against him (DHR at 1), a written statement by the fact finder of the evidence relied upon and the reasons for disciplinary action (*Id.* at 2), and an opportunity to call witnesses, which petitioner exercised (*Id.* at 4; DHA, track 1 at 5:20-6:30). *See Wolff*, 418 U.S. at 563-65, 94 S.Ct. at 2978-80. There was adequate evidence supporting the determination that petitioner was guilty. *See Hudson*, 242 F.3d at 537. The disciplinary proceedings met the requirements of the Constitution, as

---

[3] In his petition, petitioner contends that during his testimony Sergeant Borunda "said the other officer gave me the order. The charge was I refused Borunda order and Borunda said he didn't give me an order, that Gurrero did." (Habeas Corpus Petition, doc. 1, pg. 8 (Feb. 1, 2011)). This statement is proven to be factually incorrect by Sergeant Borunda's written statement and his testimony at the disciplinary hearing, in which Sergeant Borunda stated he was the one who gave the disobeyed order and by the written statement of Officer Guerrero likewise indicating petitioner refused to obey Sergeant Borunda's order.

established by the Supreme Court. *See Wolff*, 418 U.S. at 563-65, 94 S.Ct. at 2978-80.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner JAICOURRIE FINLEY be DISMISSED as successive or, in the alternative, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to petitioner JAICOURRIE FINLEY by Certified Mail, Return Receipt Requested and to respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of June, 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## *  <u>NOTICE OF RIGHT TO OBJECT</u>  *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).